IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAMION BROMFIELD**, | Case No. 3:13-cv-462-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **HSBC BANK NEVADA** and **PORTFOLIO RECOVERY ASSOCIATES, LLC**, | |
| Defendants. | |

Damion Bromfield, 6849 North Missouri Avenue, Portland, OR 97217. Plaintiff *pro se*.

David J. Elkanich and Benjamin P. O'Glasser, Hinshaw & Culbertson LLP, 1000 SW Broadway, Suite 1250, Portland, OR 97205. Attorneys for Defendant Portfolio Recovery Associates, LLC.

Marissa A. Bender, Bishop, White, Marshall & Weibel, P.S., 720 Olive Way, Suite 1201, Seattle, WA 98101-1803, Attorneys for Defendant HSBC Bank Nevada, NA.

**Michael H. Simon, District Judge.**

Plaintiff Damion Bromfield filed a *pro se* complaint *in forma pauperis* on March 18, 2013. Dkt. 2. Plaintiff's complaint asserts claims against Defendant HSBC Bank Nevada ("HSBC") and Portfolio Recovery Associates, LLC ("PRA"). Both Defendants moved to

PAGE 1 – OPINION AND ORDER

dismiss all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkts. 16, 20. For the reasons discussed below, Defendants' motions are granted and this case is dismissed without prejudice and with leave to amend.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint contains limited facts and does not specify any particular legal claim or theory. The facts alleged by Plaintiff appear to be that sometime before 2010 he obtained a credit card from HSBC with a $4,200 credit limit. Compl. Claim I. At some point in 2010, he lost his credit card, reported the loss to HSBC, and requested that his card be cancelled. *Id.* He was moving during this time period and some of his mail was lost. *Id*. At some later point, due to work conflicts he was unable to attend an unspecified court hearing relating to his credit card with HSBC. *Id.* Claim II. All of his money was then removed from his bank account on two separate occasions. *Id.* Plaintiff recently was in the process of buying a house and was unable to obtain financing because of some unidentified credit report entry relating to his HSBC credit card. *Id*.

In Plaintiff's response to the motions to dismiss, he asserts that after he reported to HSBC that his card was lost and requested the card be cancelled, HSBC failed to cancel the card or

PAGE 3 – OPINION AND ORDER

indemnify Plaintiff for any loss on the card. Plf. Br. at 2. Plaintiff further asserts that HSBC then "secretly sought a judgment against Plaintiff" in Oregon state court, obtained a lien, and garnished Plaintiff's bank accounts, taking approximately $8,000. *Id*.

Plaintiff also asserts in his response brief that venue and jurisdiction is appropriate in New York or Virginia, where the Defendants have their principal place of business, and that he intends to seek to certify a class action. *Id*. at 2-3.

With respect to Defendant PRA, Plaintiff asserts in his response brief that PRA is the "handmaiden" of HSBC and it has violated the Fair Credit Reporting Act and has injured "thousands of persons in the same way." *Id*.

Plaintiff seeks, through his response brief, $420,989 in damages. *Id.* at 4. Plaintiff argues that his complaint adequately states a claim for breach of fiduciary duty, breach of contract, false advertising, and other potential class claims.[1] *Id*. at 3.

## DISCUSSION

### A. Jurisdiction and Venue

#### 1. Jurisdiction

Plaintiff's complaint, standing alone, fails to properly allege jurisdiction. Plaintiff asserts diversity jurisdiction, but his complaint fails to specify the amount in controversy. As relevant here, diversity jurisdiction requires the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Because Plaintiff asserts in his response brief that he is entitled to damages in the amount of $420,989, and because the Court liberally construes *pro se* pleadings, the Court construes the complaint in conjunction with the response brief as properly alleging diversity jurisdiction.

---

[1] Because the Court finds that Plaintiff fails to state a valid claim for relief, the Court does not address Plaintiff's asserted intent to seek class certification.

PAGE 4 – OPINION AND ORDER

The Court also construes Plaintiff's complaint as asserting federal question jurisdiction because, construing Plaintiff's complaint and response brief liberally as the Court must, Plaintiff alleges violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1643, 1666(a), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). As discussed further below, Plaintiff's complaint, however, fails to properly state a claim under either the FCBA or the FCRA.

### 2. Venue

In his response to the Motion to Dismiss, Plaintiff argues that venue should be in New York, which Plaintiff alleges is HSBC's principal place of business, or Virginia, which Plaintiff alleges is PRA's principal place of business. The District of Oregon, however, is where Plaintiff chose to file his action. Plaintiff could have dismissed this action pursuant to Federal Rule of Civil Procedure 41(a)(1) and refiled in another jurisdiction, but he has not done so.

Plaintiff is correct that venue would be appropriate in the district in which HSBC or PRA have their principal place of business. *See* 28 U.S.C. § 1391(b)(1). Venue is also appropriate, however, in the District of Oregon because this is where a substantial part of the alleged misconduct occurred. *See* 28 U.S.C. § 1391(b)(2). Neither Defendant moved to transfer venue for reasons of convenience or otherwise. Accordingly, venue is proper before this Court and the Court considers Defendants' motions to dismiss on the merits.

### B. Claims Against PRA

Plaintiff's Complaint alleges no facts relating to PRA and no damages from any conduct by PRA. In Plaintiff's response brief, he asserts that PRA is the "handmaiden" of HSBC and has engaged in practices with HSBC that violate the FCRA. Plaintiff's conclusory allegation that PRA is the "handmaiden" of HSBC in some unspecified conduct that violates the FCRA is

insufficient to state claim against PRA, even a claim alleging "aiding and abetting" liability. Thus, Plaintiff's claims against PRA are dismissed.

### C. Claims Against HSBC Under the FCBA and FCRA

#### 1. FCBA

Under the FCBA, generally a consumer credit card holder is not liable for unauthorized charges to his or her credit card made after the card holder notifies the credit card issuer that the credit card was lost or stolen, and a credit card holder is liable for no more than $50 for charges made before the credit card holder notified the credit card company that the card was lost or stolen. 15 U.S.C. § 1643(1). Notice is deemed given to the credit card issuer when the credit card holder takes "such such steps as may be reasonably required in the ordinary course of business to provide the card issuer with the pertinent information . . . whether or not any particular officer, employee, or agent of the card issuer does in fact receive such information." 15 U.S.C. § 1643(2).

Here, Plaintiff alleges that he notified HSBC via telephone that his credit card was lost. This allegation is sufficient to allege notice under 15 U.S.C. § 1643(2). Plaintiff does not allege, however, whether any charges were made on his credit card after it was lost, how much in unauthorized charges were made, and whether he was deemed liable by HSBC for those unauthorized charges. Although Plaintiff asserts that HSBC later obtained a judgment and a lien against Plaintiff and garnished Plaintiff's bank account, he does not allege whether the underlying debt for which HSBC obtained that lien was a result of unauthorized charges made on Plaintiff's credit card or authorized charges that Plaintiff made before the card was lost.

Additionally, under the FCBA, if a "credit-card holder sends a written notice disputing a charge within sixty days of receiving a bill . . . a credit-card issuer [must] acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its

PAGE 6 – OPINION AND ORDER

decision within ninety days." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, (9th Cir. 2011); *see also* 15 U.S.C. § 1666(a); *Am. Express Co. v. Koerner*, 452 U.S. 233, 234–37 (1981). Further, the "creditor must send its explanation before making any attempt to collect the disputed amount." *Koerner*, 452 U.S. at 237; *see also* 15 U.S.C. § 1666(a)(3)(B). In subsequent statements of account, the credit card issuer must notify the cardholder "that he [or she] need not pay the amount in dispute until the card issuer has complied with § 1666." *Gray v. Am. Express Co.*, 743 F.2d 10, 14 (D.C.Cir.1984) (citing 15 U.S.C. § 1666(c)(2)). A creditor or its agent "may not directly or indirectly threaten to report to any person adversely on the obligor's credit rating . . . and such amount may not be reported as delinquent to any third party until the creditor has met [these] requirements." 15 U.S.C. § 1666a(a). If a creditor fails to comply with the provisions of §§ 1666 and 1666a, it is subject to civil liability under 15 U.S.C. § 1640 and forfeiture of the disputed amount under § 1666(e). *Lyon*, 656 F.3d at 880. Here, Plaintiff does not allege that he sent any written notice to HSBC sufficient to trigger the applicable provisions of 15 U.S.C. §§ 1666 and 1666a, and, if he did so, whether HSBC complied with its duty to investigate the matter and provide a written explanation of its decision.

Because Plaintiff does not allege facts sufficient plausibly to suggest that HSBC violated 15 U.S.C. §§ 1643(1), 1666, or 1666a, Plaintiff fails to state a claim against HSBC under the FCBA.

### 2. FCRA

Section 1681s-2(a) of the FCRA prohibits furnishing information relating to a consumer to any consumer reporting agency ("CRA") if the furnisher "knows or consciously avoids knowing that the information is inaccurate" or if the furnisher has been notified by the affected consumer that the information is inaccurate, and the information is, in fact, inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A), (B). Only governmental entities, however, may enforce this prohibition. *See*

PAGE 7 – OPINION AND ORDER

15 U.S.C. § 1681s-2(d) (only governmental bodies may enforce § 1681s-2(a)); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (same); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (same).

Section 1681s-2(b) of the FCRA establishes a furnisher's obligations once it has been notified by a CRA of disputed credit information. 15 U.S.C. § 1681s-2(b). A consumer has a private right of action under this section. *See* 15 U.S.C. 1681s-2(d); *Gorman*, 584 F.3d at 1162; *Nelson*, 282 F.3d at 1060. The furnisher's obligations under Section 1681s-2(b) are triggered when a consumer notifies a CRA of a dispute relating to credit information and the CRA notifies the furnisher of the dispute. *See* 15 U.S.C. §§ 1681s-2(b); 1681i(a)(2); 1681i(a)(3); *Nelson*, 282 F.3d at 1060. The furnisher then has a duty to investigate the disputed information. 15 U.S.C. § 1681s-2(b). The CRA may terminate a reinvestigation of disputed credit information if the CRA determines the dispute is frivolous or without merit. 15 U.S.C. § 1681i(a)(3).

Plaintiff has not alleged that he contacted a CRA and disputed information furnished by HSBC, whether the CRA found the dispute to have merit, that the CRA notified HSBC of the dispute, and how HSBC responded to any such notification, as is required to state a private cause of action under the FCRA. Thus, Plaintiff fails to state claim for relief under the FCRA.

### D. State Law Claims Against HSBC

Plaintiff asserts in his response brief that he has adequately pled claims against HSBC for breach of contract, breach of fiduciary duty, and false advertising. The Court also construes Plaintiff's complaint as attempting to allege a claim for conversion and a claim under Oregon's Unlawful Debt Collection Practices Act. As discussed below, Plaintiff fails to sufficiently allege these state law causes of action.

### 1. Breach of Contract

To state a claim for breach of contract under Oregon law, a "plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Oregon State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. App. 1996) (quotation marks omitted). Here, Plaintiff fails to allege the existence of a contract between himself and HSBC, the terms of that contract, how HSBC breached that contract, whether Plaintiff fully performed under the contract, and how HSBC's breach of contract caused Plaintiff damage. Thus, Plaintiff fails to adequately plead an action for breach of contract.

### 2. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under Oregon Law, Plaintiff must first establish that HSBC owed him a fiduciary duty. *Bennett v. Farmers Ins. Co. of Oregon*, 26 P.3d 785, 798 (Or. 2001) ("Accordingly, unless plaintiff's relationship with . . . defendant qualifies as the type of 'special relationship' that gives rise to [a fiduciary duty], no breach of duty can have occurred"). Under Oregon law, the existence of a fiduciary duty depends on whether the parties are in a special relationship such that "the party who owes at duty of care is acting, 'at least in part, . . . to further the economic interests of the 'client,' the person owed the duty of care.'" *Conway v. Pac. Univ.*, 924 P.2d 818, 824 (Or. 1996) (quoting *Onita Pacific Corp. v. Trustees of Bronson*, 843 P.2d 890, 897 (Or. 1992)) (alteration in original). As explained by the Oregon Supreme Court:

> Another way to characterize the types of relationships in which a heightened duty of care exists is that the party who owes the duty has a *special responsibility* toward the other party. This is so because the party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests.

PAGE 9 – OPINION AND ORDER

*Id.*

Generally, creditor-debtor relationships do not trigger fiduciary duties. *See, e.g.,* 31 Causes of Action 2d 1 Identity Theft, § 9 (2013) ("Traditionally, however, courts have found no fiduciary duty in the creditor-debtor relationship between a bank and its customer. . . ."); 1 Lender Liability: Law, Prac. & Prevention, § 5:3 Creditor-Debtor Relationship (2013) ("A bank-borrower relationship does not, in and of itself, establish a fiduciary relationship." (gathering cases)).

Plaintiff alleges no facts from which the court can reasonably infer a special relationship between Plaintiff and HSBC wherein Plaintiff authorized HSBC to "exercise independent judgment" on Plaintiff's behalf and in Plaintiff's interests, *Conway*, 924 P.2d at 824, and wherein HSBC was acting to further the economic interests of Plaintiff. *Onita*, 843 P.2d at 897. Thus, Plaintiff fails to assert a plausible claim for breach of fiduciary duty. *Iqbal*, 556 U.S. at 663.

### 3. False Advertising

Plaintiff asserts in his response brief that he has alleged a claim for "false advertising." Plf's Br. at 3. Plaintiff's complaint does not allege facts relating to any advertising by HSBC. In his response brief Plaintiff asserts that HSBC "advertised that once credit was gained through HSBC that they would indemnify the borrowing against any type of losses." Plf's Br. at 2. Plaintiff does not allege, or assert in his response brief, however, any specific advertising making such a promise. Thus, Plaintiff fails to properly allege a claim for "false advertising."

### 4. Conversion

"'To state a claim for conversion, a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel.'" *Mossberg v. Univ. of Oregon*, 247 P.3d 331, 334 (Or. App. 2011) (quoting *Emmert v. No Problem Harry, Inc.*, 192

PAGE 10 – OPINION AND ORDER

P.3d 844, (Or. App. 2008). "For the purposes of a conversion claim, money can be chattel." C*ron v. Zimmer*, 296 P.3d 567, 577 (Or. App. 2013) (citing *In re Martin*, 970 P.2d 638, 642 n.1 (Or. 1998)). In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, courts consider the following factors: "(a) the extent and duration of the actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the other's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting interference with the other's right of control; (e) the harm done to the chattel; [and] (f) the inconvenience and expense caused to the other." *Becker v. Pacific Forest Indus., Inc.*, 211 P.3d 284, 287 (Or. App. 2009) (citing *Restatement (Second) of Torts* § 222A (1965) and *Mustola v. Toddy*, 456 P.2d 1004 (Or. 1969)).

Here, Plaintiff alleges that HSBC took complete control of the funds in Plaintiff's bank account by emptying his account. Based on Plaintiff's allegations in his Complaint and further assertions in his response brief, however, HSBC appears to have taken these funds pursuant to a lawful state court judgment and lien. This means that HSBC's garnishment of funds did not interfere with and was not inconsistent with Plaintiff's rights. In other words, garnishment of funds from a bank account pursuant to a lawful judgment and lien is not wrongful, and justice does not require the garnishor to pay the garnished sums. Accordingly, Plaintiff fails to state a claim for conversion.

### 5. Oregon's Unlawful Debt Collection Practices Act

Under Oregon's Unlawful Debt Collection Practices Act ("UDCPA"), it is unlawful for a debt collector to, among other enumerated actions, "Attempt to or threaten to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist . . . ." Or. Rev. Stat. § 646.639(k). A plaintiff can state a valid claim for relief under Oregon's UDCPA by alleging that the creditor violated the FCBA and did not have the right to collect an authorized

PAGE 11 – OPINION AND ORDER

charge, collect a disputed charge, or report a disputed charge as delinquent without first providing the FCBA's required written notice. *See Lyon*, 656 F.3d at 883-84. Here, as discussed above, Plaintiff fails to state a claim for relief under the FCBA and thus cannot rely on alleged violations of the FCBA to support a claim under the UDCPA. Plaintiff similarly fails to state a claim for relief under Oregon's UDCPA. Plaintiff fails to allege facts from which the court can reasonably infer that HSBC had a reason to know that its right to collect the amount owed on Plaintiff's credit card from Plaintiff did not exist because the charges were unauthorized and Plaintiff was not liable for those charges under the FCBA.

### E.  Plaintiff's Request for Appointment of Pro Bono Counsel

In his response brief, Plaintiff requests the assignment of counsel. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to request volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.2004). Although this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, the facts and legal issues involved are not of substantial complexity. Additionally, the Court has concerns that there may have already been a state court action that litigated Plaintiff's claims and that would have a preclusive effect on Plaintiff's claims before this Court[2] and, therefore, has concern that Plaintiff appears to have a low likelihood of success on the merits. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that support the appointment of counsel by the court under section 1915(e).

## CONCLUSION

Defendants' motions to dismiss (Dkts. 16 and 20) are GRANTED. Plaintiff's Complaint is dismissed without prejudice. Plaintiff has until August 30, 2013, to file an amended complaint that cures the deficiencies identified in this Opinion and Order. If an Amended Complaint is not filed by that date, Judgment will be entered.

**IT IS SO ORDERED**.

DATED this 29th day of July 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] Plaintiff alleges in his Complaint that he was unable to make it to state court due to work conflicts, that he requested the court date be changed, and that he heard nothing further until his bank accounts were garnished by HSBC. Compl. Claim II. In his response brief, Plaintiff argues that HSBC "secretly" sought a judgment against Plaintiff and failed to properly serve Plaintiff with documents, even though it appears that Plaintiff knew about at least one court proceeding and tried to change the court date, and that HSBC "gained an unsavory judgment in the State Court and gained a lien against the Plaintiff's bank accounts and proceeded to devour those accounts." Plf's Br. at 2. These assertions appear to indicate that a state court action relating to the dispute between HSBC and Plaintiff already proceeded to judgment in favor of HSBC and against Plaintiff. Such a judgment may have a preclusive effect and bar Plaintiff's claims in this federal action. At this time, however, the Court does not have sufficient information before it to determine any issues relating to preclusion.

PAGE 13 – OPINION AND ORDER